IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN RE: KNIGHT BARRY TITLE, INC. DATA INCIDENT LITIGATION<br><br>This Document Relates To: All Actions | Case No. 2:24-cv-00211-LA |

## PRELIMINARY APPROVAL ORDER

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the terms of which are set forth in a Settlement Agreement and Release between Plaintiffs Brenda Raner, Julie Lewandowski, Toby Johnson, and Michael Mullarkey ("Plaintiffs") and Knight Barry Title, Inc. ("KBT" or "Defendant") (collectively the "Parties"), with accompanying exhibits, attached as **Exhibit 1** to the Motion (the "Settlement Agreement").[1]

Having fully considered the issues, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

    **All individuals to whom Defendant sent notice of the Data Incident on or around February 1, 2024.**

Specifically excluded from the Settlement Class are (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this Settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who

---

[1] All defined terms in this Order ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

pleads nolo contendere to any such charge., aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

Pursuant to Fed. R. Civ. P. 23(c)(2), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a). Specifically, the Court finds for settlement purposes that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (4) that Plaintiffs and Settlement Class Counsel will adequately protect the interests of the Settlement Class. The Court also finds, pursuant to Rule 23(b), that the Class Action provides a fair and efficient method for adjudication of the controversy.

2. **Settlement Class Representative and Settlement Class Counsel**. The Court finds that Plaintiffs should be appointed as the Class Representatives. Additionally, the Court finds that Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel, LLP, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, and Kevin Laukaitis of Laukaitis Law, LLC should be appointed as Settlement Class Counsel.

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the opinions of competent and highly experienced Settlement Class Counsel, the

substantial informal discovery and information exchange undertaken by the Parties, the effectiveness of the proposed method for distributing relief to the Settlement Class, and the reaction of the Settlement Class, as required by Rule 23 and applicable case law.

4. **Jurisdiction.** The Court has subject matter jurisdiction over this matter and personal jurisdiction over the parties before it. Additionally, venue is proper in this District.

5. **Final Approval Hearing**. A Final Approval Hearing shall be held on March 2, 2026, at 11:00 a.m. in Courtroom 390 of the United States District Court for the Eastern District of Wisconsin located at 517 E. Wisconsin Ave. Milwaukee, WI 53202, where the Court will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(e); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members who have not timely and validly excluded themselves from the Settlement should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved; and (f) the application of the Class Representatives for a Service Awards should be approved.

6. **Settlement Administrator**. The Court appoints Kroll Settlement Administration LLC ("Kroll") as the Settlement Administrator, with responsibility for Class Notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7. **Notice**. The proposed Notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as **Exhibits A, B, and C** are hereby approved. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties, but without further order of the Court.

8. **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Rule 23; and (e) and meet the requirements of the Due Process Clause of the United States Constitution. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

10. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement Administrator in the manner

provided in the Notice. The written notice must clearly manifest a person's intent to be excluded from the Settlement Class. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than sixty (60) days from the Notice Commencement Date, and as stated in the Notice.

The Settlement Administrator shall promptly furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

If a Final Order and Judgment is entered, all persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

11. **<u>Objections and Appearances</u>**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Date and as stated in the Notice. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to send their written objections to the Settlement Administrator, Class Counsel, and counsel for Defendant at the addresses indicated in the Long Notice. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Deadline" which is no later than sixty (60) days from the Notice Commencement Date. Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) the case name and docket number; (iii) information identifying the objector as a Class Member, including proof that the objector is a member of the Class (e.g., copy of the objector's Settlement

5

Case 2:24-cv-00211-LA    Filed 10/17/25    Page 5 of 9    Document 35

Notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes they are a Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or their counsel will appear at the Final Fairness Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The provisions stated in Paragraph 5.1 of the Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

12. **Claims Process**. Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If

6

Case 2:24-cv-00211-LA    Filed 10/17/25    Page 6 of 9    Document 35

the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

13. **<u>Termination of Settlement</u>**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if not all conditions specified in Paragraph 10.1 of the Settlement Agreement are satisfied. In such event, (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel, and (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

If Defendant voids the Settlement Agreement according to its terms, Defendant will be obligated to pay all settlement expenses already incurred through the date of termination, excluding any attorneys' fees, costs, and expenses of Class Counsel and the Service Award to the Class Representative and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

14. **<u>Use of Order</u>**. In the event the Final Order and Judgment is not entered or there is no Effective Date, this Preliminary Approval Order shall be of no force or effect and shall not be

construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

15. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16. **Stay of Litigation.** All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

### SETTLEMENT TIMELINE

| Action | Deadline |
| --- | --- |
| Notice Commencement Date | November 17, 2025 |
| File Motion for Attorneys' Fees, Expenses, and Service Awards | December 2, 2025 |
| Objection Deadline | December 16, 2025 |

| Opt-Out Deadline | December 16, 2025 |
| --- | --- |
| Claims Deadline | January 15, 2026 |
| Motion for Final Approval | February 13, 2026 |
| Final Approval Hearing | March 2, 2026 |

SO ORDERED THIS 17th DAY OF October, 2025.

/s/ Lynn Adelman
Hon. Lynn Adelman