**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| IN RE: KNIGHT BARRY TITLE, INC. DATA INCIDENT LITIGATION<br><br>This Document Relates To: All Actions | Case No. 2:24-cv-00211-LA |

**FINAL APPROVAL ORDER AND JUDGMENT**

Plaintiffs Brenda Raner, Julie Lewandowski, Toby Johnson, and Michael Mullarkey ("Plaintiffs") and Knight Barry Title, Inc. ("KBT" or "Defendant") entered into a Settlement Agreement (the "Settlement Agreement") to fully and finally resolve Plaintiffs' claims against Defendant. Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (the "Motion"), and Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards (the "Fee Petition").The Court having held a Final Approval Hearing on March 2, 2026, to determine whether the terms of the Settlement Agreement are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Defendant, and notice of the Final Approval Hearing having been duly given in accordance with this Court's Preliminary Approval Order (Dkt. 35).[1]

Having fully considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay and good cause appearing therefore, the Court hereby **GRANTS** the Motion and it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. The Settlement Agreement, including its exhibits and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

[1] All defined terms in this Order ("Final Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

2. This Court has jurisdiction over the subject matter of the Lawsuit and over the Parties, including all members of the Settlement Class certified for settlement purposes in the Preliminary Approval Order, defined as follows:

> **All individuals to whom Defendant sent notice of the Data Incident on or around February 1, 2024.**

Excluded from the Settlement Class are: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this Settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge., aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

3. The Court hereby fully, finally, and unconditionally approves the Settlement embodied in the Settlement Agreement as a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Action.

4. The Settlement Class Members have been given proper and adequate notice of the Settlement, Final Approval Hearing, and Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards. The Notice provided to the Class Members satisfies all necessary due process requirements.

5. An affidavit or declaration of the Settlement Administrator's compliance with the notice program has been filed with the Court. The notice program, as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order, constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members.

6. The Court hereby orders that the Settlement Agreement shall be implemented in accordance with its terms and conditions.

7. The Court appoints Plaintiffs Brenda Raner, Julie Lewandowski, Toby Johnson, and Michael Mullarkey as the Class Representatives and finds them to be adequate.

8. The Court appoints Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel, LLP, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, and Kevin Laukaitis of Laukaitis Law, LLC as Class Counsel and finds each of them to be adequate, experienced, and well-versed in class action litigation, including data breach litigation.

9. In accordance with the Settlement Agreement, Class Counsel is hereby awarded attorneys' fees in the amount of $366,666.67 and reimbursement of litigation expenses in the amount of $13,512.82, to be paid as specified in the Settlement Agreement.

10. In accordance with the Settlement Agreement, Class Representatives are hereby awarded $2,500.00 each, for a total of $10,000.00, to be paid as specified in the Settlement Agreement.

11. Upon the Effective Date, the Action shall be, and hereby is, dismissed with prejudice in its entirety as to Defendant, with each party to bear its/his/her own costs and attorneys' fees, except as provided in the Settlement Agreement, and all of the claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

12. Each Settlement Class Member is bound by this Order, including, without limitation, the Released Claims against the Released Parties as set forth in the Settlement Agreement, which includes a complete and final release by the Settlement Class, and each member thereof. Each Settlement Class Member is accordingly barred and enjoined from asserting any of the Released Claims during the pendency of any appeal from this Final Approval Order.

13. As of the final date of the Objection Date and the Opt-Out Date, no Settlement Class Member objected to the Settlement, and no Settlement Class Member requested to be excluded from the Settlement. All Settlement Class Members are deemed to have waived any objections by appeal, collateral attack, or otherwise.

14. This Judgment and Order, and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by the Defendant of any liability, claim, or wrongdoing in this Action or any other proceeding.

15. In the event that the Settlement Agreement does not become effective in a manner consistent with the Settlement Agreement, then this Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

16. This Final Approval Order, the Settlement Agreement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; ***provided, however***, that nothing in the foregoing, the Settlement Agreement, or this Final Approval Order shall be interpreted to prohibit the use of the Settlement Agreement or this Final Approval Order in a proceeding to consummate or enforce the Settlement or this Final Approval Order (including all releases in the Settlement Agreement and Final Approval Order), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

17. Without affecting the finality of this Judgment in any way, this Action shall remain open, and the Court hereby retains continuing jurisdiction over (a) implementation of the Settlement Agreement; (b) disposition of the settlement funds; and (c) all parties hereto for the purpose of construing, enforcing and administering the Settlement Agreement and this Judgment.

18. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

19. The Settlement Agreement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expense, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

20. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

**IT IS SO ORDERED.**

Dated: 3/2/2026

/s/ Lynn Adelman
Hon. Lynn Adelman